# APPEAL OF THE WAGNER FREE INSTITUTE OF SCIENCE.

FROM THE COURT OF COMMON PLEAS NO. 2, OF PHILADELPHIA COUNTY.

Argued January 10, 1887—Decided October 3, 1887

The act incorporating The Wagner Free Institute of Science authorized the corporation to receive a conveyance of real estate with the buildings, cabinet collections, etc., thereon; "to receive all and every endowment made to it and to appropriate the same to the uses, intents and purposes contemplated herein and in said deed," and provided that " the

cabinet collections, edifice and lot of ground on which it is erected, belonging to said institution, with any gifts, bequests, or endowments, so long as the same shall be used for free lectures, shall be exempt from taxation." Subsequently a conveyance was delivered embracing the lot on which was the building with the cabinet collections and other lots upon which dwelling-houses were erected, the income from which was used exclusively for the purposes of the trust: *Held*, that the real estate with the dwellings upon it was not a gift, bequest or endowment exempt from taxation within the terms of the act of incorporation.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and GREEN, JJ.; PAXSON and CLARK, JJ., absent.

No. 351 January Term 1886, Sup. Ct.; court below, No. 749 March Term 1885, C. P. No. 2, in Equity.

This cause was a proceeding in the court below to determine whether or not certain real estate of The Wagner Free Institute of Science in the city of Philadelphia was exempt from taxation, and the admitted facts appear in the following case stated:

The plaintiff was incorporated by an act of the legislature of Pennsylvania, approved the ninth day of March, 1855, P. L. 66, for the object, as set forth in section 2 of said act, of giving gratuitous instruction in the natural sciences, such as geology, mineralogy, metallurgy, mining, botany, chemical agriculture, with their application to the arts, and other kindred sciences, to all persons conforming to the rules of the institution. A copy of this act, marked A, is annexed, and made part of the case stated.

The said act of incorporation was amended by a subsequent act of the legislature, approved the thirtieth day of March, 1864, P. L. 136, § 11, whereby, *inter alia*, it was enacted that "The trustees shall . . . . . be capable, in law, of purchasing, holding, taking and conveying any estate, real, personal or mixed, for the use of said corporation, of whatsoever kind, nature or quality soever, by gifts, grants, bargains, sale, assurance, will, devise, trust or bequest, including all endowments from any person or persons capable of making the same . . . . . that the cabinet collections and lot of ground on which it is erected, belonging to the said institution, with any gifts, bequests or endowments, so long as the same shall be used for free lectures, shall be exempt from taxation." A copy of this act, marked B, is annexed, and made part of the case stated.

The defendant, John Hunter, is the receiver of taxes; defendants William Loughlin, George W. Fairman and Simon Gratz compose the board of revision of taxes; defendant John P. Sensenderfer is deputy collector of delinquent taxes in the eighth ward, and defendant Charles A. Widmer is deputy collector in the twenty-ninth ward of the city of Philadelphia.

On Monday, May 15, 1865, a course of free lectures was begun in the institute building, which embraced chemistry, anatomy, geology, natural philosophy, physiology, mineralogy and mining. Since that time two courses of free lectures have been delivered each year, embracing most or all of the branches of natural science above named.

William Wagner and Louisa, his wife, by deed dated the fourteenth day of March, 1866, recorded at Philadelphia in deed book L. R. B., No. 158, page 325, etc., granted and conveyed to The Wagner Free Institute of Science, as an endowment for the said corporation, all those two certain brick messuages and lot of ground, situate on the east side of Eleventh street, from the Delaware, between Walnut and George (now Sansom) streets, in the city of Philadelphia, containing in front, on Eleventh street, sixteen feet, and in depth, eastward, one hundred feet to a twenty-feet wide alley, now Juvenal street, leading from George street into Walnut street, being now No. 107 South Eleventh street, and No. 120 Juvenal street. Also, all those two certain brick messuages and lot of ground adjoining the aforesaid lot on the south, being of the same size as the aforesaid lot, and now No. 109 South Eleventh and No. 122 Juvenal street.

And by deed dated the fourteenth day of March, 1873, the said William Wagner and wife conveyed to the said corporation plaintiff all that certain lot of ground, situate on the south side of Montgomery street, east side of Seventeenth street, and west side of Willington street, in the twenty-ninth ward of the city of Philadelphia; containing in front on said Montgomery street, one hundred and seventy-seven feet ten inches, and extending of that width in length, southward, along the east side of the said Seventeenth street, and west side of Willington street, one hundred and eighty-six feet.

And the said William Wagner afterwards subdivided the said lot, and erected on the same, at his own expense, twenty-

four dwelling houses, as an endowment for the corporation plaintiff, viz.:

*Five* on the south side of Montgomery avenue, beginning at the westerly corner of Willington street, being now respectively Nos. 1614, 1616, 1618 and 1620 Montgomery avenue.

*Eight* on the west side of Willington street, beginning at the distance of seventy-four feet south of Montgomery avenue, being now respectively Nos. 1744, 1742, 1740, 1738, 1736, 1734, 1732 and 1730 Willington street.

*Eleven* on the east side of Seventeenth street, beginning at the northerly corner of Montgomery avenue, assessed in 1884 as one lot, being now respectively Nos. 1727, 1729, 1731, 1733, 1735, 1737, 1739, 1741, 1743, 1745 and 1747 North Seventeenth street.

The whole of the net income of the said real estate has been and is appropriated to the support of the Institute for the purposes contained in the acts of incorporation.

The real estate above described was assessed for taxes, to be paid the city of Philadelphia, in the year 1884. From this assessment the corporation plaintiff appealed to the said defendants, Wm. Loughlin, George W. Fairman and Simon Gratz, composing the board of revision of taxes, claiming that the said property was exempt from payment of taxes, by reason of the provisions of the acts of incorporation above quoted; but the said board, on January 14, 1884, declined to grant the exemption asked for.

After the said decision of the above-named defendants, composing the board of revision, the defendant, John Hunter, receiver of taxes of the city of Philadelphia, authorized and directed the defendants, John P. Sensenderfer and Charles A. Widmer, to collect from the plaintiff the taxes assessed against the properties named in the case stated, for the year 1884; and the defendants, John P. Sensenderfer and Charles A. Widmer, are proceeding to collect the said taxes so alleged to be due, as delinquent taxes, by distraint upon the personal property of the tenants renting and occupying, under the said plaintiff, the said several properties referred to.

If the court shall be of the opinion that, under the provisions of the acts of assembly incorporating The Wagner Free Institute of Science, and the amendment thereto, first above

quoted, the above described real estate is exempt from the payment of city taxes, then judgment is to be entered for the plaintiff, that no tax is due to the city of Philadelphia upon the real estate mentioned in the case stated, and an injunction to be issued restraining the defendants from taking any proceeding to collect, or filing a lien for said taxes; but if the court shall be of a contrary opinion, then judgment is to be entered for the defendant.

Either party is to have the right to take a certificate, or appeal, from the judgment of the court.

W. W. MONTGOMERY,
GEO. W. BIDDLE,
Of counsel with plaintiffs.

CHAS. F. WARWICK,
Of counsel with defendants.

By agreement the deed of trust of William Wagner and wife to the plaintiff, dated May 30, 1864, recorded in deed book L. R. B., No. 46, p. 550, was afterwards made part of the case stated as exhibit C. By this deed the grantors conveyed to the said institution "all that certain lot or piece of ground, with the buildings and improvements thereon erected, situated at the southwest corner of Montgomery street and Seventeenth street in the twentieth ward of the city of Philadelphia, containing in front or breadth on the said Montgomery street one hundred and seventy-seven feet ten inches, and extending of that width in length or depth southward, two hundred and twenty-five feet," in trust, etc., etc.

After argument the court entered judgment for the defendants, JAMES T. MITCHELL, J., delivering the opinion:

The point in controversy is whether the property of the complainant, which is not part of the lecture building or scientific collections of the institute, but which is separate from them and disconnected from their occupancy and direct use, and from which the institute derives its revenue, is exempted from taxation.

This property is not within the exemptions authorized by the language of the present constitution, or the act of 1874, passed in pursuance thereof, but the exemption is claimed by

virtue of the following language in section 11 of the charter: "The cabinet collections and lot of ground on which it is erected, belonging to the said institution, with any gifts, bequests or endowments, so long as the same shall be used for free lectures, shall be exempt from taxation."

This provision being a grant in derogation of one of the highest prerogatives of the state, must be strictly construed. The language is not that the property of the said institute is exempted, but the collection and the lot of ground on which it is erected, with any gifts, bequests or endowments. These last are the operative words to exempt the property now in question, if it is to be exempted, and it is by no means clear that they include any "endowments" except those which are like the cabinet collections and the building itself, *in situ*, and a necessary part of the machinery for the occupation and enjoyment of the franchise granted.

The case, however, has been argued upon broader and more general grounds, and we do not desire to decide it upon a strict and possibly narrow construction of the charter itself.

Conceding then for the present case that the property in question was exempted by its charter, two questions arise : first, could the state rescind the exemption ; and secondly, has it done so ?

The court then proceeded to find, that under the constitutional amendment of 1857, and Article xvi., section 10, of the constitution of 1874, the legislature had the power to alter or revoke the charter, and that the act of May 14, 1874, P. L. 158, under sections 1 and 2 of Article ix., of the constitution of 1874, the legislature had repealed the exemption, if any existed.

Judgment was entered for the defendants.

The plaintiff then took this appeal, assigning for error the entry of judgment on the case stated for the defendants.

*Mr. W. W. Montgomery* and *Mr. Geo. W. Biddle* for the appellant:

1. The supplementary charter of 1864 is a definite, specific grant of powers and privileges to a private corporation—a private statute. The act of May 14, 1874, P. L. 158, which

it is claimed repeals a portion of this private act, is a general statute purporting to regulate the whole question of exemption from taxation under the constitution of 1874. It is a principle in the construction of statutes that a general act is never to be construed as repealing a particular one by implication; "*generalia specialibus non derogant*: Max. Int. Stat., 157; Brown v. Commissioners, 21 Penn. St. 37; Harrisburgh v. Sheck, 104 Penn. St. 53. Nor can it be said that it is only by a construction necessarily creating a repeal of all prior exempting laws, that due effect can be given to the provisions of the act of 1874; for the constitution, leaving exempted cases as they were before the act of 1874, had in contemplation merely those cases where no exemption already existed. Its purpose was simply to exempt, and not in effect to impose taxation where none then existed: Coatesville Gas Co. v. Chester County, 97 Penn. St. 476.

2. Unless the power to do so was derived from the constitutional amendment of 1857, it was impossible for the legislature to revoke or repeal an existing exemption without violation of the inhibition as to the obligation of contracts. That amendment provided power in the legislature to alter, revoke and annul any charter of incorporation, whenever in their opinion "it may be injurious to the citizens of the commonwealth; in such manner, however, that no injustice shall be done to the corporators." Now, the constitution of 1874 providing that "institutions of purely public charity" may have unlimited exemption, how can it be inferred from a general act like that of 1874, that the legislature considered the exemption of this particular and most excellent charity to be " injurious to the citizens of the commonwealth? "

3. The court below, holding that Article IX., § 1, of the present constitution operates as a repeal of the previously existing exemption, is not in accord with this court. The provisions of the constitution do not execute themselves, but were simply mandatory to the legislature to enact laws to carry them into effect: Hays v. Commonwealth, 82 Penn. St. 523; Erie County v. Erie City, 113 Idem 360. Moreover, the legislature is not the final and absolute judge of what "is injurious to the citizens of the commonwealth:" Hays v. Commonwealth, *supra;* Com. v. Railroad Co., 58 Penn. St. 26.

4. Any enlargement of the charter of a private corporation, so accepted as to become binding, is as inviolable as if it had formed part of the original grant: Gordon v. The Appeal Tax Court, 3 How. 133 ; Com. v. Pottsville Waterworks, 94 Penn. St. 516.

*Mr. Charles F. Warwick, City Solicitor,* and *Mr. Charles B. McMichael, Assistant City Solicitor,* for the appellees:

1. The appellants base their claim from exemption upon the provisions contained in § 11 of the act approved March 30, 1864.

Shortly before, however, in the same section on the same page, the trustees had been authorized to accept conveyances and devises of' real estate. If the legislature had intended to exempt such devises and conveyances of real estate from taxation it would have used language broad enough to cover them, but the language is " gifts, bequests and endowments." Evidently, therefore, the intention of the legislature was to exempt the lot of ground and building from taxation, and such gifts, bequests and endowments of personal property, as could be placed in the buildings or on the grounds. The word " endowments " seems to have here no precise or technical meaning. It was used to denote the method in which titles were conferred upon an ecclesiastical person, or in which dower was conferred upon a wife, but it can hardly be held to include conveyances of real estate.

2. The opinion of the learned judge in the court below is so full and comprehensive that it is unnecessary to elaborate his argument upon the main question. The same view has been taken by two other judges in the Common Pleas: PEARSON, P. J., in Londonderry Tp. v. Berger, 2 Pears. 230, and LUDLOW, P. J., in German Society v. Philadelphia, 3 W. N. 483.

OPINION, MR. JUSTICE GREEN :

The property for which exemption from taxation is claimed by the appellant consists of two contiguous lots of ground on Eleventh street, Philadelphia, each sixteen feet front and one hundred feet deep, and each with two dwelling houses erected thereon ; and also a lot of one hundred and seventy-seven feet ten inches front and one hundred and eighty-six feet depth,

on Seventeenth street, Philadelphia. On the last mentioned lot are twenty-four dwelling houses. These properties are rented and yield an income which is applied to the support of the appellant.

As these properties are ordinary houses and lots, they are undoubtedly subject to taxation unless they are clearly exempted by some constitutional law plainly expressing such exemption. It is alleged there is such a law and we are referred to the eleventh section of an act approved March 30, 1864, entitled, a supplement to an act to incorporate the Wagner Free Institute of Science, approved the ninth day of March, one thousand eight hundred and fifty-five. The portion of the section in question which it is claimed exempts this property from taxation, is in these words: "That the cabinet collections and lot of ground on which it is erected belonging to the said institution, with any gifts, bequests or endowments, so long as the same shall be used for free lectures, shall be exempt from taxation." The cabinet collection and lot of ground on which it is erected are no part of the premises as to which the present question arises. The fifth section of the original charter of 1855, exempted the cabinet collection and lot of ground on which it is erected, but nothing more, and it is now claimed that the exemption demanded is conferred by the words "gifts, bequests or endowments," contained in the eleventh section of the supplemental act of 1864. All of the property in question in the present case was conveyed by several deeds by William Wagner and wife in 1864 and 1873 to the appellant, and hence was not owned by the appellant at the time of the passage of the original charter or the supplement.

The first and most obvious question which arises is, does this property come within the description "gifts, bequests or endowments;" contained in the act of 1864? It certainly is not a "bequest," as the title was derived by deed and not by will Nor can we regard it as a "gift," within the manifest meaning of the act. Gifts, in their ordinary legal sense, are donations of chattels, and the same meaning attaches to them in the common popular sense also. A gratuitous conveyance of the title to a piece of real estate is in a very large sense a gift, but it is not so designated in the popular, or in the legal thought or expression, and we would not feel at liberty to

depart from the ordinary meaning of the word in construing a statute exempting property from taxation. Nor is the word "endowment," any more apt to describe such property as this. Endowment is defined by Worcester as " property or pecuniary means bestowed as a permanent fund ; as the endowments of a college, a hospital or a library." It is certainly understood in common acceptation as a fund yielding income for the support of an institution. In its collocation in the act in question we think it very clear that the legislative intent was to indicate " gifts, bequests or endowments " belonging to the appellant, in connection with the cabinet collection and lot of ground on which it is erected, and for the maintenance of free lectures therein. In the sixth section of the same act the word " endowments " is certaintly used in such a connection. The corporation is there authorized to accept a deed " and to hold the premises and property therein mentioned, including all endowments at any time to be made to the said corporation," etc. And in the fifth section all three of the words, " endowment, gift or bequest," are manifestly used in this sense. The words of this section are : " Should these buildings described in this section not be erected in the lifetime of the party of the first part by him and under his direction, the board of trustees, as in their opinion the funds which shall from time to time be at their disposal, will warrant such an expenditure, or by endowment, gift or bequest made for the above purpose, shall proceed to erect the laboratory," etc. Here " funds " which may be derived by endowment, gift or bequest, are authorized to be used for the construction of buildings. We cannot doubt that this was the sense in which the legislature used these words, and that being so we do not feel that we can enlarge this legislative meaning beyond its proper scope. We are, therefore, of opinion that the real estate in question is not exempt from taxation, and this view renders unnecessary the discussion of the other questions considered in the paper books and arguments of counsel.

Decree affirmed and appeal dismissed at the cost of the appellant.