## Mercantile Library Co., Appellant, v. The City of Philadelphia and Taylor, Receiver of Taxes.

*Taxation—Exemption—Charity—Library—Revenue.*

Such portions of a building owned and occupied by a charitable association as are occupied by lessees paying rent are not exempt from taxation.

Argued March 26, 1894.   Appeal, No. 279, Jan. T., 1894, by plaintiff, from decree of C. P. No. 4, Phila. Co., March T., 1892, No. 837, dismissing bill in equity against John Taylor, receiver of taxes, and the city of Philadelphia.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.   Affirmed.

Bill in equity to restrain collection of tax assessed on library building.   Motion to continue injunction on bill, answer and affidavits.

The following opinion was filed by ARNOLD, J.:

"The board of revision of taxes has assessed the library building of the plaintiff at $125,000, and exempted $110,000 thereof, thus leaving $15,000 subject to taxation.   It appears by the affidavit of Mr. Perot, president of the library company, to be found in the answer of the defendants, that the meeting room on the first floor is rented to the board of trade at $1,000 per annum.   On this state of facts we think the board of revision was right in subjecting the building to taxation upon so much thereof as is rented and produces a revenue.   The other reason assigned by the defendants, that the library company charges a price for the use of its books when they are taken out, and annual dues for its members, is not a legal reason for taxing the property: Donohugh v. The Phila. Library Co., 86 Pa. 306.   But as long as any part is rented for profit, that part is subject to taxation.   The case is the same as that of the Young Men's Christian Assn. v. Donohugh, 7 W. N. 208, in which it was held that such portions of a building owned and occupied by a charitable association as are occupied by lessees paying rent, are not exempt from taxation.   Injunction dissolved and plaintiff's bill dismissed with costs."

*Error assigned* was above decree.

*F. Carroll Brewster*, *Charles Henry Hart* with him, for appellant.—The act of April 14, 1868, P. L. 1064, for exempting appellant's library building from taxation, is in full force and operation: Act of May 14, 1874, P. L. 158; Act of May 1, 1861, P. L. 450; Act of March 31, 1876, P. L. 3; Bell v. Allegheny Co., 149 Pa. 381; Safe Dep. Co. v. Fricke, 152 Pa. 231; Sifred v. Com., 104 Pa. 179; Pa. Coal Co. v. Winchester, 109 Pa. 577; Malloy v. Reinhard, 115 Pa. 31; Hendrix's Account, 146 Pa. 285; Williamsport v. Brown, 84 Pa. 438; Art. 9, § 2, Const.; Lehigh Iron Co. v. Lower Macungie Township, 81 Pa. 482; Coatesville Gas Co. v. Chester Co., 97 Pa. 476; Erie County v. Erie, 113 Pa. 367; Allegheny Co. v. Gibson, 90 Pa. 411; Evans v. Phillipi, 117 Pa. 237; Wagner Free Institute's Appeals, 116 Pa. 555, 132 Pa. 612.

To repeal the act of 1868 would be unconstitutional under the U. S. Const., § 10, art. 1; Home of the Friendless v. Rouse, 8 Wal. 430; University v. Rouse, 8 Wal. 439; Asylum v. New Orleans, 105 U. S. 362; University v. People, 99 U. S. 309; McGee v. Mathis, 4 Wal. 143; New Jersey v. Wilson, 7 Cranch, 164; Bank v. Knoop, 16 How. 369; Bank v. Pittsburg, 37 Pa. 340.

The right of the mercantile library to exemption from taxation has been decided in its favor and is binding upon defendants. It is res adjudicata: Donohugh's Ap., 86 Pa. 306; Sewickley Borough v. Sholes, 118 Pa. 165.

The Mercantile Library is a purely public charity as well as an association and institution of learning, benevolence and charity, founded, endowed and maintained by charity, and, as such, exempt from taxation: Williams v. Controllers, 18 Pa. 275; Phila. v. Am. Philosophical Soc., 42 Pa. 9; Foster v. Fowler, 60 Pa. 27; Northampton Co. v. Lafayette College, 128 Pa. 132; House of Refuge v. Smith, 140 Pa. 387; Wagner Free Institute's Ap., 116 Pa. 555; Phila. v. Pa. Hospital, 154 Pa. 9.

*E. Spencer Miller*, assistant city solicitor, *Charles F. Warwick*, city solicitor, with him, for appellee.—Even if the act of April 14, 1868, P. L. 1064, were still in full force and operation, this property would not be entitled to exemption. But that act is not in effect: Acts of May 14, 1874, P. L. 158; April 8, 1873,

P. L. 64; Northampton Co. v. Lehigh C. & N. Co., 75 Pa. 463; Allegheny Co. v. Gibson, 90 Pa. 397; Perkins v. Slack, 86 Pa. 270; Lehigh Iron Co. v. Lower Macungie Township, 81 Pa. 484; Wagner Free Institute v. City, 43 Leg. Int. 36; Londonderry v. Berger, 2 Pears. 230.

The act of 1868 was not a perpetual obligation against taxation: Phila. v. Pa. Hospital, 134 Pa. 171; R. R. v. Dennis, 116 U. S. 665; Bank v. Billings, 4 Pet. 514; R. R. v. Maryland, 10 How. 376; R. R. v. Guffey, 120 U. S. 569; R. R. v. Thomas, 132 U. S. 174.

It has been expressly decided in cases which are not distinguishable from this one, that the constitutional amendment of 1857 preserved to the state the right to repeal all grants of power to a corporation, save in cases coming within the exception of that provision: Phila. v. Wagner Inst., 132 Pa. 612.

A property otherwise entitled to exemption is taxable if a revenue was derived from a part thereof: Phila. v. Barber, 160 Pa. 123.

PER CURIAM, April 16, 1894:

The decree in this case is affirmed on the opinion of the learned court below, and on the decision of this court in the case of Philadelphia v. Barber, reported in 160 Pa. 123.

---

# Millward-Cliff Cracker Co.'s Estate. Appeal of Philler et al., Clearing House Committee.

*Promissory notes—Corporation—Fraud.*

Unless expressly authorized by the by-laws, or by the directors or stockholders, the treasurer of a corporation has no authority to sign or indorse a promissory note in the name of the corporation.

A promissory note signed by the treasurer of a corporation, without the counter-signature of the president as required by the by-laws, is not binding upon the company, if the company has received no benefit from the note.

*Corporation—Power of officers—By-laws—Notice.*

In Pennsylvania, by-laws of a corporation when adopted become written into the charter, and not only define and limit the rights, duties and powers of the officers inter sese, but, so far as those with whom such corporation