## Packer's Estate (No. 5).

*Decedent's estates—Collateral inheritance tax—Charitable bequests—Legislative exemption from taxation—Act of February 9, 1866, P. L. 23—Construction—Intention.*

1. All grants in derogation of taxation, which is one of the highest prerogatives of the state, must be strictly construed.

2. At the audit of the account of testamentary trustees, it appeared that testator had bequeathed personal property to Lehigh University, which he had founded and which was incorporated under the Act of February, 1866, P. L. 23; that such act after reciting that testator "has donated the sum of $500,000 and has also given fifty acres of land" provided "that the donations of the founder of Lehigh University, including the plots of ground mentioned so long as the same are held or used for the purposes of the institution, shall be free and exempt from taxation." The Commonwealth sought to collect collateral inheritance tax upon the legacy to the university. The auditing judge held that the said Act of 1866 exempted the bequest from taxation. The Orphans' Court in banc decided that the exemption from taxation related to the gifts specified in the preamble of the act, that the exemption of donations theretofore made contained in the charter could not be construed to apply to subsequent bequests under the will of the founder, and sustained an exception filed by the Commonwealth. *Held,* no error.

Argued April 3, 1914. Appeal, No. 106, Jan. T., 1914, by Lehigh University, from decree of O. C., Philadelphia Co., April T., 1881, No. 323, sustaining exception to adjudication in estate of Asa Packer, deceased. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication. Before GUMMEY, J.

The opinion of the Supreme Court states the facts.

The court sustained an exception filed by the Commonwealth in an opinion by LAMORELLE, J. The Lehigh University appealed.

*Error assigned* was in sustaining the exception.

*John G. Johnson,* with him *Maurice Bower Saul,* for appellant.—The personalty distributed under the adjudication is a donation by the founder of Lehigh University and, therefore, exempt from taxation under the Act of February 9, 1866, P. L. 23, incorporating Lehigh University: Forsyth v. Reynolds, 15 Howard 358.

*Edwin S. Ward,* for the Commonwealth of Pennsylvania, appellee.—The Act of February 9, 1866, P. L. 23, incorporating Lehigh University does not prevent the Commonwealth from collecting the collateral inheritance tax on a legacy passing to that institution from the estate of the founder: Wagner Free Institute, 116 Pa. 555; Wagner Free Institute v. Philadelphia, 132 Pa. 612; Strode v. Commonwealth, 52 Pa. 181.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1914:

The Lehigh University was incorporated by the Act of February 9, 1866, P. L. 23, which first recites, "Whereas, Asa Packer,......has donated the sum of $500,000 .......and has also given fifty acres of land," and concludes with the provision that, "The donation of the founder of the Lehigh University, including the plots of ground mentioned, so long as the same are held, or used, for the purposes of the institution, shall be free and exempt from taxation."

Asa Packer died May 17, 1879, leaving a will wherein he devised a large portion of his estate, consisting mostly of personal property, to the Lehigh University; this provision was subject to certain life-interests, which have since terminated. Upon the adjudication of an account filed by the trustees under the Packer will, after the death of the last life-tenant, the question arose as to whether or not the awards to the university should be charged with collateral inheritance tax. The auditing judge took the view that the Act of 1866, supra, exempted the bequest in question; but the Orphans' Court in banc decided the act had no such application, and de-

termined that the Commonwealth was entitled to the tax. The university has appealed.

We agree with the learned court below that, "It is manifest the exemption clause relates to the gifts specified in the preamble." In passing upon this branch of the case, the court states: ".......'Has donated' are the words, meaning something accomplished, and not something to be done; and this view is enforced by the further expression 'including the plots of ground .mentioned.' Whether or not further gifts were in contemplation is a matter of no moment, so far as the construction of this act is concerned. The language used, which must be strictly interpreted, as must all grants in derogation of one of the highest prerogatives of the State—taxation—applies in terms to the then existing conditions only. If it be urged that the donation of $500,000 is singular, and the exemption plural, 'donations,' the obvious answer is that '50 acres' is descriptive of but one thing, while the exoneration is of the 'plots of ground,' which is equally plural. But 'plots of ground mentioned' defines the meaning, and the expression 'donations of the founder......including the plots of ground,' would seem to imply that in the legislative mind 'donations' was intended to cover the money and the land, but that in order to prevent misapprehension, it was stated that in 'donations' was to be included the land mentioned......" Since we agree with this reasoning, and concur in the conclusion that the exemption of donations contained in the charter of the university cannot be construed to apply to the bequests under the Packer will, further discussion seems unnecessary; but there is much force in the additional position taken by the court below, that the act does not contemplate or have reference to "taxation" of the peculiar character of the collateral inheritance tax. (Upon this general subject see, Strode v. Commonwealth, 52 Pa. 181; Finnens' Est., 196 Pa. 72; also Wagner's Free Institute,

116 Pa. 555, and Wagner Free Institute v. Philadelphia, 132 Pa. 612).

The assignments of error are overruled and the decree is affirmed; the costs to be paid by appellants and others as ordered by the court below when this record is returned to it.