[No. 17695. Department Two. March 30, 1923.]

CASCO COMPANY et al., Appellants, v. THE CITY OF OLYMPIA, Respondent.[1]

MUNICIPAL CORPORATIONS (129, 138)—STATUTES (74)—PROVISOS— IMPROVEMENTS AUTHORIZED—PROTESTS OF OWNERS. The third proviso to Rem. Comp. Stat., § 9363, to the effect that the jurisdiction of a city council to proceed with a local improvement shall be divested by a protest signed by the owners of three-fourths of the area in the district, applies to cities of the third class; since the intent is clear not to limit the proviso to the immediately preceding clause.

SAME (138). A protest signed by the owners of three-fourths of the area in the district, divesting a city of jurisdiction to make a local improvement, under Rem. Comp. Stat., § 9363, does not estop the city from instituting a second proceeding or proceedings for the same or a similar improvement.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered July 17, 1922,

[1]Reported in 213 Pac. 915.

upon sustaining a demurrer to the complaint, dismissing an action for an injunction.   Affirmed.

*Troy & Yantis,* for appellants.

*Bigelow & Manier,* for respondent.

PER CURIAM.—This action was instituted by the Casco Company and others, as plaintiffs, against the city of Olympia, as defendant, to enjoin the performance of a contract for the improvement of certain of its streets, let by the city to a corporation known as the Yakima Paving Company.   To the complaint of the plaintiffs, a general demurrer was interposed, which the trial court sustained.   The plaintiffs. thereupon elected to stand on the complaint, and a judgment of dismissal was entered against them, from which they appeal.   The question before this court therefore is, whether the complaint states sufficient facts upon which to ground the relief sought.

Summarized, the complaint shows the following:   In January, 1922, the city council of the city of Olympia, by resolution numbered 322, declared its intention to improve in a described manner parts of certain of the streets of the city.   The resolution futher declared that the cost and expense of the improvement should be borne by the property benefited by the improvement, and due notice was given to such property holders to appear at a time and place appointed "for hearing all matters relating to said proposed improvement, and all objections thereto, and for determining the method of payment for said improvement."   At the time and place appointed, a protest against the improvement was presented, signed by the owners of more than three-fourths of the property within the improvement district, whereby "the said city council

became divested of jurisdiction to proceed with such improvement.''

It is then alleged that, at the next session of the city council, held two weeks later, there was introduced into the council and adopted by it, three separate improvement resolutions, numbered 325, 326 and 327, covering the identical property which it was proposed to be improved by the original resolution against which the protest was made, copies of which are attached to the complaint. A time and place was appointed by the city council for a hearing upon these resolutions, at which time certain attorneys appeared purporting to be ''Attorneys for Casco Company *et al.*, and the protestants against Resolution 322,'' and filed a protest against making the improvement contemplated by the resolutions and each of them. It is then alleged that, at the meeting appointed for a hearing on the resolution, the city council ignored the protest filed against the resolution, and enacted an ordinance providing for such improvement, and thereafter let a contract for the performance of the work to the Yakima Paving Company.

While it is alleged in the complaint that the subsequent resolutions covered the identical property which was proposed to be improved by ''Improvement District Number 322'', the statement is not strictly accurate. Resolution No. 325 describes the same parts of streets which are described in the first resolution, but it also includes parts of streets not included therein. Resolution 326 includes only a part of the streets included in the original resolution. Resolution No. 327 is, however, exactly similar to resolution 322, in its description of the streets to be improved. But the complaint fails to allege under which of these last resolutions the city proceeded when it adopted the ordinance for the improvement, and it is impossible to

tell from the complaint whether there is additional or less territory included in the improvement as directed to be made than was included in the improvement contemplated by the original resolution.

The statute under which the city council proceeded is found at §9363, Rem. Comp. Stat., and reads as follows:

"The council or other legislative body shall have jurisdiction to proceed with any such improvement initiated by petition or resolution: Provided, that in any city of the first class it appears from the certificate of the board, officer, or authority designated by charter or ordinance to determine the same that the proportion of the estimated cost and expense thereof to be assessed against the property in the proposed improvement district does not exceed fifty per cent (50%) of the valuation of the real estate,· exclusive of improvements thereon, within such district, according to the valuation last placed upon it for purposes of general taxation: Provided, that this limit may be exceeded when any such improvement shall be petitioned for in the manner provided in section 9360, and such petition shall be signed by the owners of sixty (60%) per cent of the lineal frontage upon the improvement to be made and three-fourths of the area within the limits of the proposed improvement district, and shall specify a certain higher percentage up to which the property within such proposed improvement district may be assessed: Provided, further, that the jurisdiction of the council or other legislative authority to proceed with any such improvement initiated by resolution shall be divested by a protest filed with the council prior to the awarding of the contract for such improvement signed by the owners of three-fourths of the area within the limits of the proposed improvement district: Provided, further, that the jurisdiction of the city commission in cities organized under the commission form of government pursuant to chapter X of this Title to proceed with any such improvement initiated by resolution shall be divested by a protest filed with the commission prior

to the awarding of the contract for such improvement signed by the owners of one-half of the area within the limits of the proposed improvement district. In the absence of fraud or gross mistake, such certificate of such board, officer or other authority shall be final and conclusive.

"In computing the valuation of such property any nonassessable property owned by the United States, state, county, city, town, school district or other public corporation, shall be valued at the same rate as assessed property similarly situated."

On the first question discussed in the appellants' brief, namely, whether the third proviso of the section of the act above quoted applies to cities of the class of the city of Olympia, we agree with their contention that it does. While it is argued with some force by the respondent to the contrary, we do not feel that the question merits extended consideration. The general rule that a proviso is deemed to apply only to the immediately preceding clauses or provisions in the section in which it is found is subject to many exceptions. It is always a question of legislative intent, and here we think it clearly appears from other provisions of the act from which the quoted section is taken that the legislative intent was to the contrary.

The principal question is whether the city council, since it was divested of jurisdiction to proceed with the improvement under the first of its resolutions by the protest of the property holders, is estopped from proceeding under some one or more of its subsequent resolutions. The appellants argue that it is so estopped. While they seem to concede that such a protest would not forever estop the city council from so proceeding, they argue that, on the general principle of *res adjudicata,* it must be so estopped until some change of condition intervenes which would render the grounds of the original protest inapplicable, otherwise it would

become a contest between the city council and the property holders as to which would first abandon the contest from utter weariness. But, assuming that there was no change in the improvement district or the streets to be improved, we are not persuaded that the objection is tenable. The statute itself contains no provision prohibiting a city council from instituting a second proceeding for an improvement of a street when a first is rendered nugatory by the protests of the affected property holders. Since the statute contains no such provision, the courts are not at liberty to read the condition into it. The fault, if it be a fault, is a fault of the law, and the remedy is a resort to the law-making body, not a resort to the courts.

Affirmed.