## Warren Library Ass'n et al. v. Miller, Collector of Taxes, et al.

E. S. Lindsey and J. H. Alexander, for plaintiffs.

P. E. Nelson, for defendants Miller and Warren County.

S. D. Blackman, for defendant Warren Borough.

John Siggins, Jr., for defendant Warren Borough School District.

HIRT, P. J., 6th judicial district, specially presiding, Feb. 7, 1931.—This is an action in equity before the court on final hearing, on bill, answer and testimony, in which plaintiffs seek to restrain the County of Warren, the Burgess and Town Council of the Borough of Warren and the School District of Warren Borough from assessment and collection of certain taxes. From the averments of the bill admitted by the answer, and from the testimony, we find the following facts:

### Findings of fact.

1. Warren Library Association, a corporation of the first class, for many years has occupied, and still occupies, certain land and buildings in Warren Borough, known as Struthers Library Building, the second floor of which is, and for many years has been, used, occupied and maintained as a free public library.

2. The title to said land is in the President Judge of the Court of Common Pleas of Warren County and his successors in office, in trust for the use, benefit and behoof of said Warren Library Association; the control and management of the same is vested in a board of seven trustees.

3. Prior to May 1, 1919, the first floor of said Struthers Library Building had been leased to tenants for occupancy and operation as a theatre and storerooms, and on or about that date the trustees of Struthers Library Building determined upon extensive reconstruction, adapting said building to the uses of a modern, well equipped theatre and for improved storerooms. In the course of construction, to comply with the requirements of the laws of Pennsylvania, it became necessary to provide a fire escape and exits from said theatre on the west to public thoroughfares. These exits are not essential to the use of a part of the building as a library.

4. For this purpose, the trustees negotiated the purchase of land having a frontage on Third Avenue of approximately 39 feet 3 inches and a uniform depth of 175 feet, adjoining the Struthers Library Building on the west; title to said land was taken in the name of the President Judge of the Court of Common Pleas of Warren County and his successors in office, in trust, for the Warren Library Association in the same manner title to the original land was taken.

5. On the land in question so purchased there is erected a three-story brick building and a garage for rent or now leased to tenants for uses not related to the conduct of a public library, and no part of the additional land is used as a public library nor is it appurtenant to it.

6. The net receipts from rentals of the Struthers Library Building have been used for the maintenance and reconstruction of the building, the purchase of the additional land above referred to and for the payment of interest and the reduction of mortgages against both parcels of land, increasing the equities of plaintiffs therein.

7. The Warren Library Association derives its support mainly from the School District of Warren Borough and from Warren Borough, from school and borough taxes, said school district and borough having heretofore appropriated the funds necessary for such support over and above receipts of the Warren Library Association from other sources.

8. The County of Warren, the Borough and Town Council of the Borough of Warren and the School District of Warren Borough have assessed taxes upon the land referred to in paragraph 4 for the year 1929, aggregating the sum of $285, and have issued their respective warrants to the duly authorized officer for the collection thereof, and payment thereof has been demanded from the Warren Library Association.

## Discussion.

These trustees have brought to the administration of their trust a high quality of service, and, therefore, in disposing of this case, one is inclined to a liberal construction of the act of assembly in question and so to approve a plan which ultimately should provide the necessary funds for the maintenance of a public library without aid from taxation. Will the record support such conclusion?

The Act of July 20, 1917, P. L. 1143, section 27, in part, provides as follows: "Any building which shall be owned and occupied by a free, public nonsectarian library, and the land on which it stands and that which is immediately and necessarily appurtenant thereto, shall be exempt from all county, city, borough, town, school, bounty, poor or road taxes, notwithstanding the fact

that some portion or portions of said building or lands appurtenant may be yielding rentals to the corporation or association managing such library: Provided, That the net receipts of said corporation or association from rentals shall be used solely for the purpose of maintaining the said library."

The taxing power of the Commonwealth, an attribute of sovereignty, is vested in the legislature, not absolutely but within the limits of the Constitution. Therefore, the act of assembly above quoted must be read in the light of article IX, section 1, of the Constitution, and if it attempts to enlarge the exempted classes enumerated in the Constitution, to that extent the act is inoperative. The Constitution exempts nothing, but enumerates the kind of property that may be exempted from taxation and this by implication necessarily excludes all other taxable property: Christley v. Butler County, 37 Pa. Superior Ct. 32. A free public library as such is an "institution of purely public charity" (Donohugh's Appeal, 86 Pa. 306) and is exempt from taxation, but its buildings and lands are exempt only when they, with the library, may be regarded as a purely public charity. No matter what the legislative language, the exemption cannot extend to any property not a purely public charity: White v. Smith, 189 Pa. 222.

We are of the opinion that the land in question is taxable for the following reasons:

(1) The net receipts from rentals of the land in question are not used for the purpose of maintaining the library, but, in so far as they are applied to the reduction of a purchase money mortgage, in reality are being used for the purchase of land not appurtenant to the library nor necessary to its operation; and (2) the land in question with the library proper together do not constitute a purely public charity. Where property is used directly for the purposes and in the operation of the charity, though it is managed at the same time so as to produce some return and thus keep down expenses, it is not taxable: Pennsylvania Hospital v. Delaware County, 169 Pa. 305; but those portions of the property owned and occupied by lessees paying the rent are not exempt from taxation: Mercantile Library Co. v. City of Philadelphia, 161 Pa. 155. "Property which is not used directly for the purposes and in the operation of the charity, but for profit, is not exempt, and the devotion of the profit to the support of the charity will not alter the result of this class of cases: American Sunday School Union v. Philadelphia et al., 161 Pa. 307:" Christian Ass'n of the U. of P. v. City of Philadelphia, 75 Pa. Superior Ct. 516. We believe these authorities, inasmuch as they define the constitutional limits of legislation under the exemption clauses, are applicable and controlling here.

### Conclusions of law.

1. The Act of July 20, 1917, P. L. 1143, is inoperative, in so far as it transcends article IX, section 1, of the Constitution, in enlarging the classes of property which may be exempted from taxation.

2. The land in question is not appurtenant to a free, public, nonsectarian library, and, with the original library buildings, does not constitute a purely public charity.

3. Plaintiffs' bill should be dismissed, at their costs.

### Order.

And now, to wit, Feb. 7, 1931, the prothonotary is directed to enter a decree nisi in accordance with this opinion, to become absolute unless exceptions are filed thereto sec. leg.

From Joseph H. Goldstein, Warren, Pa.